IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>PACIFICORP DBA ROCKY MOUNTAIN POWER.,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>Case No. 2:12-cv-0604 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke Wells |

　　　　This matter is before the court on Plaintiff State Farm Fire & Casualty Company's Motion to Compel.[1] The court has carefully reviewed the written memoranda submitted by the parties, and pursuant to Local Rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary. As set forth below the court DENIES the motion.

DISCUSSION

　　　　This matter involves a fire that began near the home of Joyce Monson in Ogden, Utah on approximately August 6, 2009.[2] The fire caused "substantial damage" to Ms. Monson's home and personal property. The fire allegedly originated "at or directly below power lines maintained by the Defendant, Pacificorp."[3] Plaintiff is the surety for Ms. Monson and is subrogated to her claims against Defendant for damages to her property. Plaintiff alleges Defendant improperly maintained the electrical equipment or power lines and was negligent in its duties to do so. The

---

[1] Docket no 32.

[2] Compl. ¶4, docket no. 2-2.

[3] *Id.* at ¶6.

instant motion centers on the inspection of the electrical equipment, such as the transformer and the power lines that allegedly led to the fire.

These items are located on Ms. Monson's property. Defendant agreed to help Plaintiff with the inspection by providing a crew and the specialized equipment needed to inspect the high voltage wires and transformer. Utah law prohibits the inspection of such energized wires without the use of proper equipment and personnel.[4] In order to access the power lines and transformer shrubbery, bushes and certain trees needed to be cut down and removed. Unfortunately the land was not cleared prior to the agreed upon inspection date so the inspection never occurred. Additionally, Defendant prepared an easement for the property owner to sign which would allow for the clearing of the land and access to the power lines and transformer by the necessary equipment. The easement, however, was never signed prior to the inspection date. The parties' dispute revolves around whose duty it was to clear the land so the inspection could take place.

Plaintiff argues that Defendant failed to produce the evidence and as such Defendant should "pay for the reasonable expenses incurred by Plaintiff to have its expert witness on scene and prepared for the original inspection."[5] Plaintiff cites to Rule 34 arguing that tangible items, such as those at issue here, must be produced within thirty days after being served a request for inspection.[6] Plaintiff further argues that Defendant "took no active steps to prepare the property or examine the property prior to the day before the inspection was to occur."[7] Thus, it was Defendant's fault that the inspection could not go forward as planned. Finally, Plaintiff asserts

---

[4] *See* Utah Code Ann. § 54-8c-2.

[5] Mtn p. 2.

[6] *See* Fed. R. Civ. P. 34.

[7] Mtn. p. 10.

that Defendant had a duty to prepare the site under the easement provisions found in Utah Code Annotated 54-3-27 that pertains to easements to "install, maintain, operate, repair, replace or relocate public utility facilities."[8]

In contrast, Defendant argues that the "inspection did not occur . . . solely due to the Plaintiff's failure to secure access from the landowner and prepare the site for the equipment."[9] The property owner is a third party and Defendant has no duty to compel the property owner to allow an inspection. If anything, according to Defendant, it was Plaintiff's duty to gain access from their insured and assure that the land was prepared for an inspection.

The court agrees with Defendant. Defendant had no control or duty to force Plaintiff's insured to allow access to the property. Although Defendant has certain duties as set forth in Utah Code 54-3-27, none of these pertain to the type of inspection Plaintiff desires. If necessary, Plaintiff could have sought a court order compelling access to the property. Or, Plaintiff could have had its insured sign the easement allowing the necessary type of access. The court, therefore DENIES Plaintiff's Motion to Compel.

Finally, after reviewing the record it is clear to the court that a breakdown in communication between the parties created the instant dispute. Most of the wasted time, energy and cost associated with the failed inspection could have been avoided had the parties communicated more effectively and much earlier in the inspection process. The parties are encouraged to use better efforts in working with each other in the future. Such cooperation is even contemplated in the section of the Utah Code relevant to inspecting items like those in this case. Section 54-8c-2(b) states that an inspection should not take place until "a responsible party

---

[8] Utah Code Ann. § 54-3-27.
[9] Op. p. 5.

and the public utility have completed <u>mutually satisfactory precautions</u> for the activity."[10] And, as set forth in the statute mutually satisfactory precautions may include "coordination of work, construction, and activity schedules."[11]

## ORDER

For the reasons set forth above the court DENIES Plaintiff's Motion To Compel.[12] The court further DENIES each parties' request for the fees and costs associated with this motion and the failed inspection.

DATED this 27 February 2015.

_____
Brooke C. Wells
United States Magistrate Judge

---

[10] Utah Code Ann. § 54-8c-2 (emphasis added)

[11] *Id.*

[12] Docket no. 32.