IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY A/S/O JOYCE D. MONSON,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>PACIFICORP, dba ROCKY MOUNTAIN POWER,<br><br>Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:12-cv-00604-TC |

On August 6, 2009, a fire damaged Joyce Monson's home in Ogden, Utah.  Plaintiff State Farm Fire and Casualty Company ("State Farm"), acting as subrogee of Ms. Monson, filed this suit against Defendant PacifiCorp, alleging that PacifiCorp negligently maintained its power lines near Ms. Monson's property, which caused the fire and resulting damage.

PacifiCorp filed a motion for summary judgment (Dkt. No. 41), arguing that State Farm has not designated an expert and, without an expert, State Farm cannot prove its negligence claim.[1]  In its opposition, State Farm contends that it does not need expert testimony. State Farm also filed a motion under Rule 56(d) of the Federal Rules of Civil Procedure (Dkt. No. 42),

---

[1] State Farm's complaint alleges two separate causes of action: one for negligence and one for "improper maintenance of public utilities."  (Compl. ¶¶ 8-10, Dkt. No. 2-2.)  Although they have different titles, both claims are virtually identical and both assert negligence based on improperly maintained electrical equipment or power lines.  As a result, the court addresses the claims collectively as a single negligence claim.

maintaining that it needs additional time for its expert to investigate the electrical equipment and

power lines near Ms. Monson's property. For the reasons explained below, the court DENIES

State Farm's Rule 56(d) motion and GRANTS PacifiCorp's motion for summary judgment.

## BACKGROUND[2]

PacifiCorp owns and operates power lines, power equipment, and a transformer on or

near Joyce Monson's property in Ogden, Utah. On August 6, 2009, a fire began near Ms.

Monson's home.  As Ms. Monson's insurer, State Farm filed this suit alleging that PacifiCorp

negligently caused the fire by failing to properly maintain its power lines and equipment.  In

particular, State Farm asserts that PacifiCorp breached its duty to trim trees near Ms. Monson's

home and those trees grew to the point where they were too close to the power lines above,

which caused the fire that damaged Ms. Monson's home.

The initial scheduling order in this case required designation of expert witnesses before

April 15, 2013.  On January 22, 2014, at State Farm's request and with PacifiCorp's approval,

the expert designation deadline was extended to March 17, 2014.  On April 24, 2014, PacifiCorp

agreed to another extension and the expert designation deadline was extended to June 19, 2014.

On June 13, 2014, another two-month extension was granted, based on State Farm's

representation that it needed time to finalize expert retention agreements.  The new expert

---

[2] The facts are taken from the parties' briefing on PacifiCorp's motion for summary judgment. State Farm does not dispute the facts provided in PacifiCorp's motion, but State Farm did add some facts of its own. To the extent that PacifiCorp disputes State Farm's additional facts, the court has identified any disputes of material fact and has presented the facts and all reasonable inferences in the light most favorable to State Farm as the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

designation deadline was August 11, 2014.  On August 6, 2014, State Farm asked for another

extension, and PacifiCorp agreed to extend the deadline to November 12, 2014.  As the

November 2014 deadline approached, State Farm requested another two-month extension, which

PacifiCorp granted with the understanding that it would be the last one to which PacifiCorp

would agree.  But PacifiCorp did grant one additional extension on December 16, 2014.  The

new deadline gave State Farm until February 14, 2015, to designate an expert.  State Farm has

still not designated an expert witness to testify in this case.

PacifiCorp filed its motion for summary judgment, and State Farm responded by filing an

opposition to PacifiCorp's motion and a Rule 56(d) motion. State Farm claims that it should be

given additional time for its expert to complete discovery. State Farm also maintains that, even

without experts, summary judgment is not appropriate.

## ANALYSIS

### I.      Rule 56(d) Motion

Responding to PacifiCorp's motion for summary judgment, State Farm first seeks relief

under Rule 56(d) of the Federal Rules of Civil Procedure, which allows a court to deny or defer

considering a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration

that, for specified reasons, it cannot present facts essential to justify its opposition."  Fed. R. Civ.

P. 56(d).  The party invoking Rule 56(d) "must show how additional time will enable [it] to rebut

the movant's allegations of no genuine issue of fact."  Jensen v. Redevelopment Agency of

Sandy City, 998 F.2d 1550, 1554 (10th Cir. 1993) (quotations omitted).  Moreover, if the party

filing the Rule 56(d) motion "has been dilatory, or the information sought is either irrelevant to

the summary judgment motion or merely cumulative, no extension will be granted."  Id.

3

State Farm asserts that summary judgment should be deferred because its expert needs to inspect the relevant power lines and equipment.  State Farm maintains that the inspection requires PacifiCorp's participation and it has not conducted the inspection due to conflicts caused by both parties.  But State Farm has not explained how PacifiCorp has failed to cooperate in the request for an inspection. There is no evidence from which the court could conclude that PacifiCorp acted in any way to delay or hinder State Farm's ability to inspect the power equipment or otherwise conduct expert discovery.  To the contrary, the evidence shows that PacifiCorp worked with State Farm to schedule the site inspection, accommodated State Farm's schedule, and granted several requests for extensions of the expert designation deadline.

This is not a case where the court must step in to facilitate discovery that has previously been unavailable to State Farm. State Farm has had multiple opportunities to conduct expert discovery, including a site inspection, and to prepare expert reports.  It appears that State Farm's inability to designate experts has been due to its own failure to utilize the time it has had for discovery.  Accordingly, the court denies State Farm's Rule 56(d) motion.

## II.    Motion for Summary Judgment

With the denial of State Farm's Rule 56(d) motion, State Farm has no expert testimony to support its negligence claim. And without an expert, PacifiCorp asserts that State Farm cannot establish the necessary duty, breach, and causation to prove negligence. State Farm contends that it does not need expert testimony to prove its case and survive summary judgment. State Farm relies on two types of evidence for this argument: (1) PacifiCorp's own internal guidelines, which recommend tree removal within certain distances of conductors; and (2) testimony from Ogden City firefighters stating that the fire at Ms. Monson's home began in part because of

4

overgrown trees.  Because the evidence suggests that branches were not trimmed to the
specifications provided in PacifiCorp's guidelines, State Farm maintains that it does not need
expert testimony to establish a breach of the standard of care or causation.

Utah case law does not support State Farm's position.  In <u>Jenkins v. Jordan Valley Water
Conservancy District</u>, 2013 UT 59, 321 P.3d 1049, the Utah Supreme Court held that, even with
an internal recommendation that supported the plaintiff's claim, expert testimony was required to
establish the standard of care and breach.  In <u>Jenkins</u>, a water pipeline near the plaintiffs' home
broke and flooded their basement.  Employees of the defendant water conservancy district
uncovered and found a hole in the pipe.  The pipe was repaired rather than replaced, and
employees determined that the pipe was in "fair" condition.  <u>Id.</u> ¶ 5.  But this section of pipeline
had been designated a few years earlier as a candidate for replacement.  The replacement did not
happen because other pipelines took priority.  After the first flooding incident and the related
repair, the pipe broke again at a different location near the plaintiffs' home, which resulted in
additional damage.  The plaintiffs sued the district to recover for the damage to their home.

The district filed a motion for summary judgment, arguing in part that the plaintiffs
"could not prevail since they had failed to designate an expert (and thus could not establish either
the applicable standard of care or that it had been breached)."  <u>Id.</u> ¶ 8.  On appeal of the trial
court's grant of summary judgment, the Utah Court of Appeals held that the plaintiffs did not
need expert testimony.  "The court of appeals' determination that expert testimony was
unnecessary rested on a simple premise: that an internal recommendation of replacement
sustained a tort law duty to do so."  <u>Id.</u> ¶ 13.

The Utah Supreme Court disagreed and concluded that "[a]n internal determination that a pipeline should be replaced does not establish a tort law duty to do so.  Internal decisions may be made for any number of reasons—convenience, caution, maximization of budget, mistake—having little to do with the standard of care."  Id. ¶ 14.  The court therefore concluded that "[s]uch nuanced assessments are beyond the ken of the average juror.  There is no objective measuring tape for such decisions; they require expert, nuanced analysis of matters beyond the normal experience of the average layperson."  Id. ¶ 17.  "[L]eft to their own devices, jurors would be forced to speculate about how a reasonable water conservancy district would act, and about whether the District failed to conform to that standard by failing to replace the 3300 South pipeline earlier."  Id. ¶ 21. The court therefore held that expert testimony was necessary to establish the standard of care and breach.

In Callister v. Snowbird Corp., 2014 UT App 243, 337 P.3d 1044, the court relied on Jenkins to reach a similar conclusion. The plaintiff in Callister was injured when he was hit by a passing ski tram.  In its defense, Snowbird argued, "among other things, that [the plaintiff's] failure to designate an expert liability witness was fatal to his claims for negligence."  Id. ¶ 6. The plaintiff contended that expert testimony was not required because the jury could rely on common sense to decide that, where a tram travels low enough to strike a skier, the resort has a duty to warn of that danger.  Moreover, "the jury could infer from the fact that [the plaintiff] was struck by the tram that 'Snowbird did nothing' to warn him, and that because it 'did nothing,' there [was] no need for expert testimony about what Snowbird should have done."  Id. ¶ 10.

The court held that "expert testimony is necessary in cases where the jury would be unable to determine the applicable standard of care without resorting to speculation."  Id. ¶ 15.

"[R]egardless of whether Snowbird acted or failed to act, [the plaintiff] must still establish the applicable standard of care and show how the alleged action or inaction breached that standard and caused his injuries." Id. ¶ 21.  Because the standard of care "involve[d] concepts and procedures that do not lie within the knowledge and experience of a lay juror, [the plaintiff] was required to establish the applicable standard via expert testimony." Id.

Here, State Farm relies on PacifiCorp's internal guidelines to argue that PacifiCorp did not comply with its own recommendations for tree trimming.  But under Jenkins, PacifiCorp's internal recommendations cannot be used to establish the standard of care.  Rather, expert testimony is necessary.  State Farm needs an expert who can testify about the standards applicable to power authorities and whether, under those standards, PacifiCorp failed to reasonably maintain its power lines and other equipment.  The court agrees that "there are many factors that go into when maintenance on certain lines will be performed, when trees will be removed or pruned, how much of a tree will be pruned based on the growth rate of the tree, whether to rely on third-parties, and many other factors that only an expert would know." (PacifiCorp's Reply in Supp. of Mot. for Summ. J. at 9, Dkt. No. 47.)  Without expert testimony to help provide an understanding of these issues, the jury would be left to speculate about whether PacifiCorp breached the applicable standard of care. "Such speculation has no place in our courtrooms—on matters of duty, breach, or otherwise." Jenkins, 2013 UT 59, ¶ 21.

Moreover, State Farm cannot use a theory of common sense as a substitute for expert testimony.  Even if it may seem logical that power lines close to trees could cause a fire, Callister makes clear that State Farm has the burden to establish the standard of care, any breach of that standard, and causation. To meet its burden, State Farm must use an expert because this is a case

"where the particularities of the alleged standard of care do not reside within the common knowledge and experience of a lay juror." Callister, 2014 UT App 243, ¶ 15.  Under Jenkins and Callister, State Farm cannot establish the standard of care or breach without expert testimony. As a result, summary judgment is appropriate.

The cases cited by State Farm do not support a contrary conclusion.  First, State Farm cites Truck Insurance Exchange v. Magnetek, Inc., 360 F.3d 1206 (10th Cir. 2004), for the conclusion that expert testimony is not necessary to prove causation. The plaintiff in Truck Insurance Exchange took a similar position and argued that it could use circumstantial evidence to prove causation.  While the Tenth Circuit "[did] not disagree with that general proposition," it clarified that "before a plaintiff can rely on circumstantial evidence or the process of elimination . . . the plaintiff must at least present evidence to show why the defendant's product should not be among the possible causes to be eliminated." Id. at 1215.  Because such a showing required expert testimony on the ignition temperature of wood, the Tenth Circuit affirmed the trial court's grant of summary judgment.

Truck Insurance Exchange does not support State Farm's argument; rather, it confirms that expert testimony is required to prove proximate cause. State Farm relies on testimony from Ogden City firefighters who opine that trees touched or came too close to power lines, which ignited a fire.[3]  Even if this evidence could support a negligence claim, State Farm would still need an expert to testify that the failure to trim trees was a breach of the standard of care.  State

_____

[3] This testimony was based on an investigation after the fire began and was extinguished, not on the firefighters' firsthand observation.  But even if the firefighters had personally witnessed the start of the fire, State Farm would still need an expert to establish the standard of care that would apply to PacifiCorp as an owner and operator of power lines and equipment.

Farm would also need an expert to testify that the fire was proximately caused by the proximity between the trees and the power lines.

The other two cases cited by State Farm involved situations that differ significantly from the facts in this case.  In <u>Young v. Fire Insurance Exchange</u>, 2008 UT App 114, 182 P.3d 911, the issue was whether the subject fire was accidental or intentional.  Although the Utah Court of Appeals applied the "common knowledge" exception to hold that expert testimony was not required, both causation theories were simple: either the insured purposely started the fire, or the fire was accidentally caused by a marijuana cigarette left on a mattress.  While a decision between these two options would be within the average person's knowledge and experience, the issue in this case is not so straightforward.  State Farm is claiming that PacifiCorp breached its duty to maintain the area around its power lines and that, as a result of the breach, an electrical arc from the power lines ignited nearby trees.  Tree removal standards and patterns of electrical currents are not matters within the common knowledge of lay jurors.

Finally, State Farm relies on <u>State v. Cristobal</u>, 2010 UT App 228, 238 P.3d 1096, but <u>Cristobal</u> does not address the need for expert testimony in any way.  The court merely described the difference between permissible inferences that jurors may draw and impermissible speculation.  This general discussion does not support the conclusion that jurors in this case should be permitted to draw their own inferences without the help of a qualified expert.

To prevail on its negligence theory, State Farm needs an expert to testify about the standard of care, breach, and causation.  State Farm has not identified an expert to testify about these, or any other, issues.  Accordingly, summary judgment is granted.

9

**CONCLUSION**

For the foregoing reasons, State Farm's Motion for Rule 56(d) to Continue Defendant's Motion for Summary Judgment (Dkt. No. 42) is DENIED and PacifiCorp's Motion for Summary Judgment (Dkt. No. 41) is GRANTED.

DATED this 13th day of July, 2015.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge